**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4461**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAUL MAGALLANES-FLORES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:12-cr-00025-JLK-2)

Submitted:  April 25, 2017                                    Decided:  April 27, 2017

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Killis T. Howard, Lynchburg, Virginia, for Appellant.  Ronald Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raul Magallanes-Flores appeals his conviction and sentence for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (2012). Magallanes-Flores pled guilty pursuant to a written plea agreement and was sentenced to a within-Guidelines sentence of 235 months in prison. On appeal, appellate counsel for Magallanes-Flores filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the adequacy of the district court's explanation at sentencing. Magallanes-Flores filed a pro se supplemental brief alleging that his guilty plea was not knowingly and intelligently entered, the evidence was insufficient to support his conviction, and trial counsel rendered ineffective assistance. The government filed a motion to dismiss the appeal as barred by the appellate waiver contained in Magallanes-Flores' plea agreement. We affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). We generally will enforce a waiver "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). A defendant's waiver is valid if he "knowingly and intelligently agreed to it." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Magallanes-Flores knowingly and voluntarily waived his right to appeal his conviction and sentence, with certain specified exceptions. Thus, we conclude that the waiver is valid and enforceable.

However, even a valid waiver does not waive all appellate claims. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). Moreover, the appellate waiver in Magallanes-Flores' plea agreement does not waive claims of ineffective assistance of counsel.

The sentencing claim raised by counsel on appeal clearly falls within the scope of the broad appellate waiver, which the government seeks to enforce. In accordance with *Anders*, we have reviewed the record in this case, as well as Magallanes-Flores' pro se supplemental brief, and have found no meritorious issues for appeal outside the scope of the waiver.[*] We therefore grant the government's motion and dismiss the appeal in part and affirm the judgment in part. This court requires that counsel inform Magallanes-Flores, in writing, of the right to petition the Supreme Court of the United States for

---

[*] To the extent Magallanes-Flores claims that trial counsel provided ineffective assistance, we conclude the ineffective assistance of counsel does not conclusively appear on the record. *See United States v. Baldovinos*, 434 F.3d 233, 239 (4th Cir. 2006). Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not cognizable on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be pursued, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 (2012) in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

further review. If Magallanes-Flores requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Magallanes-Flores. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*